William Edward PLANTER, Appellant,

v.

The STATE of Texas.

No. 1426–98.

Court of Criminal Appeals of Texas, En Banc.

Dec. 15, 1999.

Steven R. Rosen, Brian W. Wice, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, MANSFIELD, PRICE, HOLLAND and KEASLER, JJ., joined.

Appellant, William Edward Planter, was convicted of solicitation of capital murder. The jury assessed his punishment at seventeen years confinement. The Court of Appeals affirmed the conviction. *Planter v. State*, 976 S.W.2d 866 (Tex.App.—Eastland 1998). We granted appellant's petition for discretionary review on the ground that "[t]he Court of Appeals, in holding that the evidence was sufficient to support appellant's conviction for the offense of solicitation of capital murder, has seriously misconstrued state law in conflict with the applicable decisions of the Court of Criminal Appeals."

The record shows that appellant, a former peace officer, contacted Lex Baquer and stated that he had information concerning the murder of Baquer's daughter. After consulting the sheriff's department, Baquer met with appellant on two occasions, each time wearing a transmitter provided by the sheriff's department. Appellant told Baquer that Bob Fratta, the estranged husband of Baquer's daughter, had hired two hit men to kill Baquer's daughter. The tapes from the meetings between appellant and Baquer show that appellant offered to kill Fratta if Baquer would pay appellant $10,000.

On appeal, appellant complained, *inter alia,* that the evidence was legally and factually insufficient to support his conviction. His complaint focused on the indictment[1] and jury charge,[2] both of which read, in relevant part, that appellant "re-

---

1. The indictment against appellant read, in its entirety, as follows:

   *William Edward Planter* ... on or about December 22, 1994, did then and there unlawfully with intent that a capital felony be committed, namely Capital Murder ... *requested, commanded and attempted to induce Lex Baquer to engage in specific conduct, namely, to kill Bob Fratt[a],* and that under the circumstances surrounding Lex Baquer's conduct as the Defendant believed them to be, would constitute Capital Murder or make Lex Bacquer a party to its commission.
   (Emphasis added.)

2. At trial, the charge submitted to the jury read, in its entirety, as follows:

   The defendant, William Edward Planter, stands charged by indictment with the offense of solicitation to commit capital murder, alleged to have been committed on or about the 22 nd day of December, 1994, in Harris County, Texas ...

   A person commits the offense of solicitation to commit capital murder if, with intent that a capital murder be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the defendant believes them to

be, would constitute capital murder or make the other a party to its commission.

   A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

   A person commits the offense of capital murder if he employs another to commit the murder for remuneration or the promise of remuneration.

   A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.

   A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

   All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

   A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

quested, commanded and attempted to induce Lex Baquer to engage in specific conduct, namely, to kill Bob Fratt[a]."

The Court of Appeals found that nothing in the record showed that appellant had requested or attempted to induce Baquer "to kill" Fratta. *Id.* at 867. However, it found that there was evidence showing that appellant had requested or attempted to induce Baquer to pay appellant to kill Fratta and, therefore, to be a party to the killing of Fratta. *Id.* The court noted that the jury charge included an abstract instruction on the law of parties, but did not apply the law of parties to the facts of the case and did not refer to the law of parties in the application paragraph. *Id.* However, based on our decisions in *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997), and *Blanco v. State*, 962 S.W.2d 46 (Tex.Crim.App.1998), as well as a court of appeals decision relying on *Malik*, *Nesbitt*

*v. State*, 958 S.W.2d 952 (Tex.App.—Beaumont 1998, no pet.), the court found that the hypothetically-correct jury charge for the case would have applied the law of parties to the facts. *Planter*, 976 S.W.2d at 867–868. Therefore, it held that the evidence in the case was legally and factually sufficient to show that appellant was guilty as a party to the offense of solicitation of capital murder. *Id.* at 868.

The reasoning of the Court of Appeals does not withstand scrutiny. Neither *Blanco* nor *Nesbitt* supports the Court of Appeals' holding. In both of these cases, the issue was whether the convictions were authorized, given the "deficiencies" in the jury charge as to the law of parties.[3] Nothing in the records indicate that the proof at trial did not comport with the conduct alleged in the respective indictments and set out in the respective jury charges.[4]

> Mere presence alone will not constitute one a party to an offense.
> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or the 22nd day of December, 1994, the defendant, *William Edward Planter*, did then and there unlawfully, with intent that a capital felony be committed, namely capital murder, the defendant *requested, commanded and attempted to induce Lex Baquer to engage in specific conduct, namely, to kill Bob Fratta*, and that under the circumstances surrounding Lex Baquer's conduct as the defendant believed them to be, would constitute capital murder or make Lex Bacquer a party to its commission, then you will find the defendant guilty as charged in the indictment.
> Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof you will acquit the defendant and say by your verdict "Not Guilty."
> (Emphasis added.)

3. In *Blanco*, the defendant was convicted of burglary of a habitation. *Blanco*, 962 S.W.2d at 46. On original submission, the court of appeals found the evidence insufficient because the application paragraph of the charge to the jury did not refer to the law of parties. *Id.* Therefore, the court found that the sufficiency of the evidence, when measured against the application paragraph, entitled the defendant to an acquittal on appeal because he was guilty only as a party. *Id.* We

remanded for reconsideration in light of *Malik*. *Id.* at 47.

In *Nesbitt*, the defendant was convicted of murder. *Nesbitt*, 958 S.W.2d at 953. Like the defendant in *Blanco*, he complained that the evidence was legally insufficient to support the conviction because the application paragraph of the jury charge did not include language incorporating the abstract definition of the law of parties. *Id.* at 954. Therefore, he argued that the jury was authorized to convict only if the evidence established that the defendant had personally committed an act clearly dangerous to human life and that the defendant personally caused serious bodily injury to the victim. *Id.* The Court of Appeals found that there was evidence that the defendant had instigated and actively participated in a series of assaults for the express purpose of extorting property or services from the victim, and that the beatings inflicted upon the victim were so severe as to be clearly dangerous to human life. *Id.* at 955. Therefore, it found that the evidence was sufficient to support a finding by the jury that the defendant, acting alone or as a party, committed each element of the offense beyond a reasonable doubt, even in the absence of evidence that the defendant personally executed the fatal blow. *Id.*

4. Because it is not necessary to specifically allege in an indictment that an accused is being charged as a party, there was no dis-

In contrast, that is the precise issue in the instant case; does the proof at trial comport with the conduct alleged in the indictment and set out in the jury charge? The offense in the instant case, as alleged in the indictment and set out in the jury charge, was that appellant "requested, commanded and attempted to induce Lex Baquer to engage in specific conduct, namely, to kill Bob Fratt[a]." The evidence does not show that appellant attempted to request, command or attempt to induce Bacquer to kill Fratta. Instead, it shows that appellant attempted to request, command or attempt to induce Bacquer to pay appellant to kill Fratta. The evidence introduced at trial by the state proved an offense different from the offense alleged in the indictment and set out in the jury charge and is therefore insufficient to show that appellant is guilty, as either the primary actor or as a party, of the conduct alleged by the state [5]. Appellant was never charged with or indicted for the offense that the evidence appears to support: capital murder by soliciting Bacquer to hire appellant to kill Fratta. The evidence presented at trial does not comport with the conduct alleged in the indictment and set out in the jury charge, and

the jury verdict cannot, therefore, be supported logically by either the actual jury charge or the hypothetically-correct jury charge that was formulated by the Court of Appeals.[6]

Based on the foregoing, the judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for the entry of a judgment of acquittal.

McCORMICK, P.J., filed a dissenting opinion. KELLER, J., filed a dissenting opinion. WOMACK, J., filed a dissenting opinion.

McCORMICK, P.J., delivered a dissenting opinion.

I respectfully dissent. The Court's opinion provides, as a matter of federal constitutional law, the greatest form of appellate relief—an acquittal—to this appellant who clearly is guilty of the charged crime of solicitation of capital murder. The federal constitution does not require this and *Malik* expressly prohibits it. See *Malik v. State*, 953 S.W.2d 234, 239 (Tex. Cr.App.1997) (federal constitutional evidentiary sufficiency review not intended to provide appellate acquittals to defendants who are guilty of the crime charged).

---

pute in those cases as to whether the convictions were authorized by the indictments.

**5.** Judge Womack's dissent uses ellipses to alter significantly the import of this sentence, omitting "as either the primary actor or." *Post,* at 162–63 (Womack, J., dissenting).

Presiding Judge McCormick's dissent argues that *Malik* "clearly requires that evidentiary sufficiency is to be measured against the elements of the offense," but then omits and ignores the rest of the standard, "and set out in the jury charge." *Post,* at 160–61 (McCormick, P.J., dissenting). That omission results in an argument that runs contrary to the plain language of *Malik,* 953 S.W.2d at 240, which states that

> sufficiency of the evidence should be measured by the elements of the offense *as defined by the hypothetically correct jury charge for the case.* Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not un-

necessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

(Emphasis added.)

In combination with the omission in Judge Womack's dissent, this results in the state being able to ignore the indictment as the basis for the allegations which must be proved. This is contrary to *Malik,* which states that the hypothetically correct jury charge used to measure sufficiency of the evidence is to be authorized by the indictment. *Id.*

**6.** Judge Keller's dissent argues that the indictment authorized a conviction under a theory other than the one that Planter requested, commanded or attempted to induce Baquer to cause Fratta's death by killing him. *Post,* at 162 (Keller, J., dissenting). However, this interpretation runs contrary to the plain language of the indictment. *See supra* note 1.

In this case the indictment alleged appellant induced Bacquer to kill Fratta. The jury charge tracked this allegation. There was, however, a variance between the indictment's allegation and the prosecution's trial evidence because this evidence actually proved appellant himself offered to kill Fratta which no one, not even the Court's opinion, claims does not constitute the charged crime of solicitation of capital murder.

In deciding that this guilty-of-the-crime-charged appellant is entitled to an appellate acquittal, the Court's opinion measures evidentiary sufficiency against everything except what *Malik* requires that evidentiary sufficiency be measured against. The Court's opinion does this by measuring evidentiary sufficiency against the indictment, the actual jury charge and a "hypothetically correct jury charge" incorporating a parties theory. *Planter v. State*, 9 S.W.3d 156, 159 (Tex.Cr.App., delivered this date) ("[b]ecause the evidence presented at trial does not comport with the allegations in the indictment, and because the jury verdict cannot be supported logically by either the actual jury charge or the hypothetically correct jury charge formulated by the Court of Appeals, the Court of Appeals erred in its assessment of the sufficiency of the evidence").

Malik's "one simple, coherent [evidentiary sufficiency] standard," however, clearly requires that evidentiary sufficiency be measured against the "elements of the offense." See *Malik*, 953 S.W.2d at 240. When measured against this standard, the evidence is more than sufficient to prove appellant guilty of the charged crime of solicitation of capital murder.

The Court's opinion as well as the opinion of the Court of Appeals apparently

believe that *Malik's* "hypothetically correct jury charge for the case" language,[1] which immediately follows and defines the "sufficiency of the evidence should be measured by the elements of the offense" language in *Malik*, has some application in cases like this. *Malik's* "hypothetically correct jury charge for the case" language, however, has no application in cases like this.

*Malik* contains this "hypothetically correct jury charge for the case" language because the specific error in *Malik* involved jury charge error[2] which our prior erroneous case law that *Malik* overruled treated like an element of the offense that the prosecution had to prove to obtain a conviction. See *Malik*, 953 S.W.2d at 236–39.[3] *Malik's* "hypothetically correct jury charge for the case language" simply eliminates consideration of these kinds of jury charge errors as part of an evidentiary sufficiency review.

*Malik* does not require appellate consideration of a "hypothetically correct jury charge for the case" unless the case involves a jury charge error like the one in *Malik*. And, even then, *Malik* still makes the "elements of the offense," and not a "hypothetically correct jury charge," the measure of evidentiary sufficiency. See *Malik*, 953 S.W.2d at 240. The issue is simply whether the evidence is sufficient to support the "elements of the offense." See *id.*

In deciding appellant is entitled to the remedy of an appellate acquittal, footnote five of the Court's opinion relies on footnote three in *Malik* which recognizes the general rule that "[a]ppellate affirmance of a conviction on the basis of a charge neither alleged in the indictment not (sic) presented to the jury is constitutionally prohibited." See *Planter*, 9 S.W.3d at 159

---

1. See *Malik*, 953 S.W.2d at 240.

2. See *Malik*, 953 S.W.2d at 235–36 (involving erroneous jury instruction requiring jury to acquit upon finding that certain evidence was illegally obtained).

3. This case does not involve jury charge error. See *Malik*, 953 S.W.2d at 240.

fn 5; *Malik,* 953 S.W.2d at 238 fn. 3. The Court's opinion, however, fails to mention that footnote three of *Malik* goes on to say that this "rule does not bar retrial of a criminal defendant." See *id.* The Court's reliance on footnote three of *Malik* to provide the remedy an appellate acquittal to this guilty-of-the-crime-charged appellant is clearly misplaced. This appellant might be entitled to the remedy of a remand for a new trial because of the variance between the indictment's allegations and the proof at trial, but he is not entitled to the greatest form of appellate relief—an acquittal.

The error in this case involves a variance between the indictment's allegations and the proof at trial and not the prosecution's failure to prove appellant guilty of the crime charged. This, however, is trial error which does not implicate the sufficiency of the evidence to support appellant's conviction. See generally *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (discussing difference between trial error requiring remedy of remand for new trial and legal insufficiency of the evidence requiring an appellate acquittal). And this Court also recently recognized that *Malik* abrogated the "close to bizarre" evidentiary sufficiency rule in variance cases like *Hicks v. State.*[4] See *Rosales v. State,* 4 S.W.3d 228, 236 (Tex.Cr.App.1999), and 4 S.W.3d at 236 (Womack, J., concurring), and 4 S.W.3d at 236–36 fn. 2 (Meyers, J., concurring in the judgment) (recognizing that cases like *Hicks* are variance cases).

Finally, with its reliance on *Malik,* the Court's opinion decides appellant is entitled to an appellate acquittal as a matter of federal constitutional law. *Malik* is a federal constitutional decision, so it could not adopt a different standard of evidentiary sufficiency review than the one set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This means that if the evidence is legally sufficient under *Jackson v. Virginia,* then it must be

sufficient under *Malik.* See *State v. Guzman,* 959 S.W.2d 631 (Tex.Cr.App.1998) (when we apply federal constitutional law, we are bound by United States Supreme Court law interpreting it).

No principle of federal constitutional law requires appellate courts to provide appellate acquittals to defendants, like this appellant, who are guilty of the crime charged. Deciding, therefore, that this appellant is entitled to an appellate acquittal is tantamount to deciding that state courts do not have to follow controlling United States Supreme Court precedents. This position was litigated between 1861 and 1865 and rejected.

I respectfully dissent.

KELLER, J., delivered a dissenting opinion.

In *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997), we held that sufficiency of the evidence would be measured "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Id.* at 240. We further explained:

> Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.* The question presented is whether the record contains sufficient evidence of a theory of the crime that is "authorized by the indictment." The indictment in this case read as follows:

> William Edward Planter ... on or about December 22, 1994, did then and there unlawfully with intent that a capital felony be committed, namely Capital Murder ... requested, commanded and attempted to induce Lex Bacquer to engage in specific conduct, namely, to kill Bob Fratt[a], and that under the cir-

---

4. *Hicks v. State,* 860 S.W.2d 419, 424 (Tex.Cr. App.1993).

cumstances surrounding Lex Baquer's conduct as the Defendant believed them to be, would constitute Capital Murder *or make Lex Baquer a party to its commission.*

(Emphasis added).

The law of parties need not be contained in the indictment. *Malik,* 953 S.W.2d at 234. The result is that a defendant may be convicted as a party even though a literal reading of the indictment would require a showing that the defendant committed the crime as the primary actor. For example, a murder indictment reading "Planter did then and there kill Fratta" would authorize conviction even if the evidence did not show that Planter personally killed Fratta but showed instead that Planter encouraged someone else to kill Fratta (and that other person did in fact kill Fratta). By law, then, an indictment authorizes conviction on the law of parties even though the indictment's wording indicates that the defendant personally committed the criminal acts alleged. *See* Texas Penal Code § 7.01(c).

But the present case does not involve the application of the law of parties to the defendant. Instead, the crucial question for sufficiency purposes is whether the law of parties can be applied to a third person named in the indictment, i.e. Lex Bacquer. Because personally killing Fratta would make Baquer a primary actor, the phrase "or make Lex Baquer a party to its commission," [1] would be deprived of any meaning unless the law of parties were in fact applied to Bacquer's (anticipated) conduct. Under this interpretation, the indictment authorized a conviction on at least two theories: (1) that Planter requested, commanded, or attempted to induce Baquer to cause Fratta's death by personally killing him, and (2) that Planter requested, com-

manded, or attempted to induce Baquer to cause Fratta's death by becoming a party to Fratta's killing. There is no question that the evidence in this case is sufficient to support a conviction under the second theory. I would affirm.

I respectfully dissent.

WOMACK, J., filed a dissenting opinion.

The Court's decision mystifies me. The Court seems to recognize the holding of *Malik v. State,* 953 S.W.2d 234 (Tex.Cr. App.1997), that the legal sufficiency of evidence is judged by the charge the trial court should have given. *See ante* at 159 n. 5. It seems to agree with the proposition that the trial court may charge on the law of parties when it is not alleged in the indictment. *See ante* at 158–59.

Then it fails to apply either of those rules. Forgetting that liability as a party does not have to be alleged in the indictment, it says, "Therefore the evidence is insufficient to show that appellant is guilty … as a party, of the conduct alleged in the indictment, and the state failed to prove the offense as alleged in the indictment." *Ante* at 159. And, forgetting that the sufficiency of the evidence is not measured by what is set out in the charge; it is measured by the hypothetically correct charge, the Court says "the state failed to prove the offense … set out in the jury charge." *Ibid.*

I am doubtful of the rule that the law of parties is available without any allegation in the indictment of conduct that would make one a party. (This case reveals the shortcomings of the rule.) But unless the Court is ignoring this rule or overruling *Malik,* I cannot understand how it can say that this evidence is legally insufficient to

---

1. In including the parties language, the indictment tracked the language of the solicitation statute:

    A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to

engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

Texas Penal Code § 15.03.

show the appellant's guilt as a party. I respectfully dissent.