In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00160-CR


______________________________




KENNETH MILLAGE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Lamar County, Texas


Trial Court No. 41597




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Kenneth Millage appeals from his jury conviction of misdemeanor deadly conduct for forcing
Tony and Marilyn Elmi off a road with his vehicle. The jury assessed punishment at 365 days in the
Lamar County Jail, probated for two years. Millage argues that the evidence was legally and
factually insufficient to support the verdict.

 On the night of April 13, 2001, the Elmis were traveling north driving a four-wheeler at
approximately fifteen miles per hour on a country gravel road in Lamar County. The Elmis claimed
Millage, who was traveling south at approximately twenty miles per hour, forced them off the road
and into a ditch by suddenly turning and driving his pickup truck toward them. The Elmis claimed
Millage ended up at an eighty-five to ninety-degree angle with the ditch and had to brake to prevent
himself from going in the ditch. The Elmis claimed Millage's truck missed them by approximately
two to four feet. 

 Millage claimed he only passed one four-wheeler that night and pulled over to allow it to
pass. In addition, Millage claimed the Elmis concocted the story because of a dispute between the
parties concerning a chain gate Millage had constructed across the road in front of his house. A
neighbor, Michael Witson, testified he was riding with Millage when they passed a four-wheeler that
night and Millage pulled over and allowed it to pass. Due to the darkness, Witson could not
determine who was driving the four-wheeler. 

 Millage pled not guilty to the charge of deadly conduct. After the State rested its case,
Millage requested an instructed verdict, alleging the State had failed to introduce any evidence to
prove the allegation that he had left the road. The trial court denied the motion. Judgment consistent
with the jury's assessment was entered on August 8, 2002. 

 Millage contends that legally and factually insufficient evidence exists to support the verdict
because a material variance existed between the information and the evidence at trial. The
information alleged that: "ONE KENNETH LENORD MILLAGE late of said County and State,
. . . did then and there recklessly engage in conduct that placed TONY AND MARILYN ELMI in
imminent danger of serious bodily injury by RUNNING DEFENDANT OFF THE ROAD BY
MOTOR VEHICLE." Millage argues that, because the evidence at trial established he never left the
road, there is a material variance. The State argues Millage failed to prove that the variance
prejudiced his substantial rights.

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307 (1979). This calls for a review of the relevant evidence in the light
most favorable to the verdict and a determination as to whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 

 In contrast to legal sufficiency, a factual sufficiency review dictates that the evidence be
viewed in a neutral light, favoring neither party. Johnson, 23 S.W.3d at 7. In determining the factual
sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a
neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong, or so weak as to be clearly wrong or manifestly unjust. Id. 
However, "[t]he court's evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).

 "A 'variance' occurs when there is a discrepancy between the allegations in the charging
instrument and the proof at trial." Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
A person commits the offense of deadly conduct under Section 22.05 of the Texas Penal Code if "he
recklessly engages in conduct that places another in imminent danger of serious bodily injury." Tex.
Pen. Code Ann. § 22.05(a) (Vernon 2003). When recklessness enters into or is a part or element
of any offense, the State is required to allege, with reasonable certainty, in its charging instrument,
the act or acts on which it relies to constitute recklessness. Tex. Code Crim. Proc. Ann. art. 21.15
(Vernon 1989). Millage contends that, based on the information, the State was required to prove he
ran off the road while placing the Elmis in imminent danger of serious bodily injury. Tony Elmi
testified Millage's pickup never left the road. Millage argues the variance between the evidence at
trial and the information is material, or fatal, which requires a reversal.

 Only a material variance will render the evidence insufficient. Fuller v. State, 73 S.W.3d
250, 253 (Tex. Crim. App. 2002). "The widely-accepted rule, regardless of whether viewing
variance as a sufficiency of the evidence problem or as a notice-related problem, is that a variance
that is not prejudicial to a defendant's 'substantial rights' is immaterial." Gollihar, 46 S.W.3d at
247-48; see Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). A defendant has the
burden of showing surprise or prejudice. Santana v. State, 59 S.W.3d 187, 194 (Tex. Crim. App.
2001). Determination of whether a defendant's "substantial rights" have been prejudiced requires
consideration of two questions: whether the information, as written, informed the defendant of the
charge against him or her sufficiently to allow him or her to prepare an adequate defense at trial, and
whether prosecution under the deficiently drafted information would subject the defendant to the risk
of being prosecuted later for the same crime. Gollihar, 46 S.W.3d at 248 (citing United States v.
Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). 

 There is considerable evidence Millage was not surprised or prejudiced by the variance. The
State provided Millage with full access to its file and the police reports. The manner and means
description in the information notified Millage the State was alleging that, on a specified date, he
committed the offense of deadly conduct by reckless conduct that placed Tony and Marilyn Elmi in
imminent danger of serious bodily injury by running someone off the road with a motor vehicle. 
Furthermore, evidence indicates Millage knew the State intended to prove he ran the Elmis off the
road. Witson testified Millage told him he had been arrested for "running or chasing down a four-wheeler . . . ." Millage prepared an adequate defense to the conduct proved. Millage presented
evidence he did not run the Elmis off the road, but rather pulled over and allowed them to pass. 
Millage also presented evidence of a motive for the Elmis to lie, including the dispute over the chain
gate. The record indicates Millage was not surprised by the variance and had sufficient notice in
order to adequately prepare for trial.

 Millage also contends the variance would subject him to additional prosecutions for the same
crime. Any subsequent prosecution would involve the same offense with the same statutory
elements and involve the same set of facts arising out of the same incident on the same date. The
variance in this case would not subject Millage to the risk of a later prosecution for the same crime. 
While we note that variances in manner and means may provide insufficient notice in some
situations, the variance at issue in this case is immaterial because Millage did not prove prejudice
to his substantial rights.

 The Texas Court of Criminal Appeals has held that evidence sufficiency should be measured
against a "hypothetically correct" jury charge. See Gollihar, 46 S.W.3d at 253; Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). The jury charge in this case did not include the immaterial
variance in question. However, Malik controls "even in the absence of alleged jury charge error."
Gollihar, 46 S.W.3d at 255. A "hypothetically correct" jury charge is "one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof
or unnecessarily restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Malik, 953 S.W.2d at 240. In Curry, the Texas Court
of Criminal Appeals held that the "'law' as 'authorized by the indictment' must be the statutory
elements" of the offense charged "as modified by the charging instrument." Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). The "hypothetically correct" jury charge cannot "wholly
re-write the indictment," but is not required to "track exactly all of the allegations in the indictment."
Gollihar, 46 S.W.3d at 253. If the essential elements of the offense are modified by the indictment,
the modification must be included. Id. at 254. However, the hypothetically correct charge "need not
incorporate allegations that give rise to immaterial variances." Id. at 256. The variance at issue is
not a material variance and does not modify the essential elements of the offense of deadly conduct. 
Therefore, since the variance at issue is immaterial, it does not need to be included in the
"hypothetically correct" jury charge. 

 Millage cites Planter v. State, 9 S.W.3d 156 (Tex. Crim. App. 2000), for the proposition that
the variance at issue requires a reversal. Planter involved an indictment that alleged the defendant
attempted to induce Lex Baquer to kill Bob Frata. Id. at 157. However, the defendant attempted to
induce Baquer to pay the defendant to kill Frata. Id. The Texas Court of Criminal Appeals held that
the variance resulted in the defendant being convicted based on proof of an offense for which he was
never charged. Id. at 159. The Texas Court of Criminal Appeals based its decision on the fact the
variance resulted in a different statutory offense being proven than the offense alleged in the
indictment. Id. However, Planter is distinguishable from the facts in this case. The information
alleged Millage committed the offense of deadly conduct, and the evidence at trial proved the offense
of deadly conduct. The variance in this case did not result in a different offense being proven than
alleged in the information. The essential elements of deadly conduct were unaffected by the
variance.

 When viewed in the light most favorable to the prosecution and measured against the
"hypothetically correct" jury charge, sufficient evidence exists for a rational juror to have found
Millage guilty beyond a reasonable doubt. Credibility of the witnesses is within the sole province
of the jury. Jones, 944 S.W.2d at 648-49. The jury is entitled to believe the Elmis' version of the
facts over Millage and Witson. Further, when viewed in a neutral light and measured against the
"hypothetically correct" jury charge, we cannot say the verdict was against the great weight and
preponderance of the evidence. While there is evidence supporting Millage's version of the facts,
the great weight of the evidence does not indicate the result was clearly wrong. Therefore, legally
and factually sufficient evidence exists to support the jury's verdict.

 We affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: October 7, 2003

Date Decided: October 8, 2003


Do Not Publish