r02732



















NUMBER 13-02-732-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ENRIQUE RIOS,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

OPINION
 
Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez

          Following a bench trial, Enrique Rios was convicted of the third-degree felony
offense of failure to comply with sex-offender registration requirements. See Tex. Code
Crim. Proc. Ann. arts. 62.01, 62.03, 62.10 (Vernon Supp. 2004). He was sentenced to
two years imprisonment. In two issues, Rios challenges the legal and factual sufficiency
of the evidence to support his conviction. We hold the evidence is legally insufficient to
support Rios’s conviction and reverse the trial court’s judgment. 
Background 
          On April 25, 2001, Rios registered as a sex offender living at his mother’s residence,
located at 2212 Mary Street in Corpus Christi, Texas. See Tex. Code Crim. Proc. Ann.
arts. 62.03, 62.04 (Vernon Supp. 2004). 
          At trial, there was conflicting testimony as to whether Rios had lived continuously
at the Mary Street address from the date of his registration in April 2001 through February
15, 2002, the date of the alleged violation. 
          Victor Ray Casares, Sr., a Corpus Christi police officer, testified that on February
15, 2002, he and officer Andrew Ybanez were conducting compliance checks on registered
sex offenders. Upon arriving at 2212 Mary Street, the officers encountered Rios’s mother,
Natalia Petri, outside. Casares testified Petri told them she had lived at the address for
twenty-two years. According to Casares, Petri said that Rios no longer lived there, that he
was in Dallas, and that she had not seen him for a couple of months, since Christmas. The
officers obtained Petri’s signature on a form stating that Rios no longer lived at the
address. 
          Officer Ybanez corroborated Casares’s testimony. On cross-examination, Ybanez
testified the officers did not search the house and admitted that it was possible Rios was
there.
          At trial, Petri testified that Rios had always lived with her. She said that when the
officers came to her home, they told her they were patrolling the neighborhood to prevent
burglaries and asked if she had seen any suspicious activities. She testified that the
officers asked who lived with her, and she told them that Rios and her grandson lived
there. According to Petri, she told the officers that Rios was inside the house, but was
asleep. She stated that she offered to wake him, but the officers said it was not necessary. 
She denied that she said Rios was living in Dallas. She testified that the officer asked her
to sign a document to prove they had been patrolling in the area. She specifically testified
that Rios was living with her between December 2001 and February 15, 2002 and that he
had lived with her at the Mary Street address “all the time.”
          Tami Weidenfeller, custodian of records at Christus Spohn Hospital, verified the
introduction of Rios’s hospital records. The records reflect that on February 19, 2002, four
days after the officers’ visit, Rios attempted to obtain a refill on prescription medication by
visiting the hospital. The hospital records of Rios’s February 19 treatment show his
address as “2212 Mary Street.” Weidenfeller testified that patients are asked to provide
an address upon admission, but that no other information is requested to verify a patient’s
address.
Standard of Review 
          Claims of legal insufficiency of evidence are reviewed by examining the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 397, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).
          In a criminal conviction, sufficiency of the evidence is determined by the elements
of the crime as defined by the hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). The correct charge "would be one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's theories of liability,
and adequately describes the particular offense for which the defendant was tried." Id. 
In Malik, the court of criminal appeals provided that this standard can be applied to all
trials, whether to the bench or to the jury. Id. at 240; see also Fuller v. State, 73 S.W.3d
250, 252 (Tex. Crim. App. 2002) (evidentiary sufficiency should be measured against
“elements of the offense as defined by the hypothetically correct jury charge for the case”
in all sufficiency cases).


 The court of criminal appeals has made clear that under Malik,
“the indictment [is] the basis for the allegations which must be proved” and that the
hypothetically correct jury charge for the case must be “authorized by the indictment.” 
Gollihar v. State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001) (citing Planter v. State, 9
S.W.3d 156, 159 n.5 & 6 (Tex. Crim. App. 1999)). 
          When a statute lists more than one method of committing an offense, and the
indictment alleges some, but not all, of the statutorily listed methods, the State is limited
to the methods alleged. Fuller v. State, 73 S.W.3d 250, 255 (Tex. Crim. App. 2002)
(Keller, P.J., concurring) (citing Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App.
2000)); Gollihar, 46 S.W.3d at 255. 
          Questions concerning the credibility of witnesses and the weight to be given their
testimony are to be resolved by the trier of fact. Mosely v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998). Evidence is not rendered insufficient when conflicting evidence
is introduced. Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The
reviewing court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id. 
          We also measure the factual sufficiency of the evidence in a non-jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d)
(discussing application of “hypothetically correct jury charge” analytical construct in context
of factual-sufficiency review in case tried to jury). In reviewing the factual sufficiency of the 
elements of the offense on which the State carries the burden of proof, we impartially
examine all of the evidence and set aside the verdict only if “proof of guilt is so obviously
weak as to undermine confidence in the [fact-finder’s] determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by the contrary proof.” Swearingen
v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000)). We are also required to accord due deference to the fact-finder’s determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment for that of the fact-finder. Id.; Johnson, 23 S.W.3d at 7; see
Mosely, 983 S.W.2d at 254 (questions concerning credibility of witnesses and weight given
their testimony are resolved by the trier of fact).
          Analysis
          The indictment charges Rios with “failure to comply with registration requirements”
and cites articles 62.01,


 62.03,


 and 62.10


 of the code of criminal procedure. See Tex.
Code Crim. Proc. Ann. arts. 62.01, 62.03, 62.10 (Vernon Supp. 2004). Specifically, the
indictment alleges that Rios:
on or about February 15, 2002, in Nueces County, Texas, was required to
register because of a reportable conviction for Indecency with a Child, and
did then and there intentionally, knowingly and recklessly fail to verify the
information in the completed registration form by failing to report no later
than the seventh day after his arrival in the municipality where he resided
and intended to reside for more than seven days, to wit: Corpus Christi, to
the local law enforcement authority, namely the Corpus Christi Police
Department, who had received said registration form.
 
          In brief, the indictment thus alleged: (1) Rios’s status as a person with a reportable
conviction; (2) that he intentionally, knowingly, and recklessly failed to verify the information
in his registration form; and (3) by failing to report to the Corpus Christi Police Department
no later than seven days after his arrival in Corpus Christi. 
          The State alleged Rios failed to comply with the registration requirements because:
(1) on April 25, 2001, he registered with the Corpus Christi police department as a sex
offender living at 2212 Mary Street in Corpus Christi;
(2) pursuant to a visit by Corpus Christi police officers on February 15, 2002, Rios’s mother
signed a statement that he had not lived at 2212 Mary Street since “December 2001,” a
period of approximately six to eight weeks;
(3) Rios returned to Corpus Christi sometime between February 15, 2002 and February 19,
2002 because his medical records show he was admitted to the hospital in Corpus Christi
on February 19, 2002; and 
(4) when he returned to Corpus Christi, he failed to report “no later than the seventh day
after his arrival” to the Corpus Christi police department. 
          In proving Rios failed to comply with registration requirements, the State was
therefore limited to the allegation in the indictment: that he failed to report within seven
days of his “arrival in”– or return to– Corpus Christi.
          At trial, however, the State relied on Petri’s statement as evidence that Rios “was
no longer living at 2212 Mary Street.” (emphasis added). The State argued:
[Prosecutor]: . . . We do not have the burden of proving where the Defendant
is. We have the burden of proving that he is not somewhere. And I believe
in this case, again, that the evidence is clear that he was not there. . . . And
again, we do not have to prove where he was, where he might have been,
but simply that he was not at 2212 Mary. (emphasis added) 
 
          The State presented no evidence regarding the date Rios allegedly returned to
Corpus Christi and failed to register. In its brief, the State argues that “the trial court was
also entitled to believe Rios’ own admissions in his medical records that he had moved
back to Corpus Christi and was residing at 2212 Mary Street on February 19, 2002.” The
only evidence supporting the State’s theory that Rios “returned” to Corpus Christi after
living elsewhere is Rios’s medical records, which reflect he was admitted to the hospital 
on February 19, 2002 and gave his address as 2212 Mary Street. As noted, the custodian
of the records testified that information regarding a patient’s address is provided by the
patient at the time of admission and that she was unaware whether there were any
procedures for verifying such information.
          The State argues that “[h]aving arrived back in Corpus Christi sometime between
February 15, 2002, and February 19, 2002, Rios was required to verify registration with the
Corpus Christi Police Department.” We conclude that Rios’s February 19, 2002 hospital 
records showing his address as 2212 Mary Street are legally insufficient to establish that
he “arrived” in Corpus Christi on that date.


 
          We hold that the State offered no evidence supporting its allegation that Rios
“arrived in” or returned to Corpus Christi and failed to report within seven days to the
Corpus Christi Police Department. Thus, the evidence is legally insufficient to support
Rios’s conviction. 
          Because of our disposition of Rios’s first issue, it is unnecessary for us to address
his second issue. See Tex. R. App. P. 47.1. We reverse the trial court’s judgment and
render a judgment of acquittal.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Dissenting opinion by
Justice Errlinda Castillo

Publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
15th day of July, 2004.