**924-15**

Brodrick Renalda French,

Appellant,

ORIGINAL

V.

The State of Texas

Appellee.

Appeal From The 176th District Court, Harris County, Texas

Trial Court Case No. 1394253

FILED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 30 2015

Abel Acosta, Clerk

## Petition For Discretionary Review

Comes Now the petitioner, Brodrick Renalda French, Pro-se and in his proper person, files this timely Petition For Discretionary Review for denial of appeal from the 176th District Court, Harris County, Texas Under Trial Court Case Number - 1394253.

In support of thereof petitioner states as follows:

1. The appellate court erred on the fact of inconsistent statements was the only evidence used to convict Petitioner.

2. The Appellate court erred in ignoring C.C.P. §37.06 Inconsistent Statements Law of Texas.

3. The Appellate court erred in ignoring C.C.P. §37.07 Irregularities No Defense Law of Texas. which Summaries that inconsistent Statements, Are considered perjury when stated under oath.

4. Petitioner states that if the Honorable Texas Criminal Court of Appeals Allows his Petition for Discretionary Review, that he will Illustrate the serious miscarriage of justice he is suffering in Brief for this Court's Review, Wherefore, petitioner prays that his Petition For Discretionary Review is Granted

/s/ B. French
Broderick Renaldo French

## Certificate Of Service

I, the undersigned, do hereby certify that I have placed in the proper officials' hands the enclosed Petition For Discretionary Review to be placed in the U.S. Postal Service to be mailed

To: Clerk of the First Court of Appeals
    301 Fannin
    Houston, TX 77002
    (1) original

which was mailed on September 24, 2015.

/S/ B. French
Broderick Reinaldo French
1942311
Larry Gist Unit
3295 FM 3514
Beaumont, TX 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 30 2015
Abel Acosta, Clerk



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-14-00620-CR

———————————

**BRODRICK RENALDA FRENCH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1394253**

---

## MEMORANDUM OPINION

Brodrick French was convicted by a jury of robbery.[1] After finding two enhancement paragraphs to be true, the trial court sentenced him to 27 years'

---

[1]  TEX. PENAL CODE ANN. § 29.02 (West 2011) (robbery).

confinement. In two issues, French contends that the evidence was legally insufficient to support his conviction.

We affirm.

## Background

N. Rivas stopped at a local gas station and, while standing on the driver's side putting gas into her car, noticed that her passenger door was opening. She walked around the back of her car and found French reaching into the car to take her purse. She attempted to take the purse back from him, but he was able to pull it from her grasp. According to Rivas, French threw the purse into an open window of a white car that had pulled up next to her car. He then opened the door to the white car, got in, and told the driver to leave. According to Rivas, the white car's open door struck her as the car was fleeing, and she was injured.

French was charged with robbery, described in the indictment as intentionally, knowingly, and recklessly causing bodily injury to Rivas by hitting her with a car door while in the course of committing theft. He pleaded not guilty. The jury convicted him of robbery. French pleaded guilty to two enhancement allegations based on earlier convictions for murder and possession of a controlled substance. The trial court found the enhancement allegations to be true and sentenced French to 27 years' confinement. He appealed, challenging the legal sufficiency of the evidence to support his conviction.

2

## Standard of Review

We review French's challenge to the legal sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789. Our review includes both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from that evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Although we consider all evidence presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of the witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

## Legal Sufficiency of Evidence on Causing Bodily Injury

A person commits the offense of robbery if, "in the course of committing theft," with the intent to obtain or maintain control of the property, a person "intentionally, knowingly, or recklessly causes bodily injury to another" or

3

"intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02 (West 2011). The indictment specifically alleged that French injured Rivas by striking her with the car door. Consistent with that allegation, Rivas testified that French opened the door of the white car and that it hit her before she could get out of the way. She also testified that the impact knocked her to the ground, leaving her with scrapes and bruises.

French contends that the evidence is legally insufficient on that issue because Rivas's testimony that she was hit by the car door was inconsistent with (1) her original explanation of the events, (2) the police report prepared based on her original comments, and (3) all other evidence. According to French, the other evidence suggests that French jumped into an open window and never opened the white car's door.

During Rivas's cross-examination, French's attorney asked Rivas if she had previously told the police that French jumped through an open back window in the white car instead of opening the door as Rivas was now claiming. Rivas insisted that she told the police the same version of events as she had just described. Nonetheless, one of the investigating officer, Houston Police Department Sergeant J. Beddingfield, agreed that Rivas had, at an earlier point, stated that French jumped through an open back window. The surveillance video did not clearly show

4

either to be true. The video captured an image of the white car next to Rivas's car and, in the next frame, the white car was no longer in view.

"The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook*, 29 S.W.3d at 111. Viewing the evidence in the light most favorable to the jury's verdict and deferring to the jury's credibility determinations, we conclude that Rivas's testimony provided legally sufficient evidence from which the jury could conclude that French struck Rivas with the car door and injured her, in the course of committing theft, to find him guilty of robbery. To the extent that other evidence contradicted Rivas's testimony, the jury was free to discount that evidence and believe her legally-sufficient trial testimony instead.

We overrule French's first issue.

### Legal Sufficiency of Evidence of Mental State

In his second issue, French contends that the evidence is legally insufficient to establish the requisite intent for conviction because the mental state alleged in the indictment was phrased as "intentionally, knowingly, *and* recklessly" while the mental state specified in the jury charge was phrased as "intentionally, knowingly, *or* recklessly." According to French, this variance is material and requires reversal.

5

When an offense can be committed in more than one way, the indictment may allege alternative methods of committing the offense. *Nickerson v. State*, 782 S.W.2d 887, 891 (Tex. Crim. App. 1990); *Hough v. State*, 929 S.W.2d 484, 489 (Tex. App.—Texarkana 1996, pet. ref'd). The culpable mental state may be pled in the conjunctive and submitted to the jury in the disjunctive. *Cruz v. State*, 838 S.W.2d 682, 684 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) ("It is proper to allege the culpable mental states in the conjunctive and to charge the jury in the disjunctive . . . ." (citing *Rogers v. State*, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989))); *Belcher v. State*, 962 S.W.2d 653, 656 n.1 (Tex. App.—Austin 1998, no pet.); *see Zanghetti v. State*, 618 S.W.2d 383, 386–88 (Tex. Crim. App. 1981); *Knorpp v. State*, 645 S.W.2d 892, 904 (Tex. App.—El Paso 1983, no pet.) ("conjunctive pleading of the intentional and knowing mental states . . . will support their disjunctive submission to the jury.").

French's reliance on *Planter v. State*, 9 S.W.3d 156 (Tex. Crim. App. 1999), is misplaced. In *Planter*, the evidence established an offense that was different from the one alleged in the indictment and set out in the jury charge. *Id.* at 159. The evidence tended to show that the defendant attempted to induce another to pay him to kill a person, but the indictment and jury charge set forth a different scenario in which the defendant attempted to induce another to kill the person himself. *Id.* The variance resulted in a reversal. *Id.*

Unlike in *Planter*, the only variance between French's indictment and jury charge was the replacement of the conjunctive with the disjunctive with regard to the defendant's mental state. This form of variance is not error. *Rogers*, 774 S.W.2d at 251; *Nickerson*, 782 S.W.2d at 891; *Cruz*, 838 S.W.2d at 684.

We overrule French's second issue.

## Conclusion

The judgment of the trial court is affirmed.

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

Broderick French
#1942371
Gist Unit
3295 FM 3514
Beaumont, Tx 77705

HOUSTON TX
28 SEP 2015 PM 7 L

7871123O8O8

Court of Criminal
Appeals of Texas
P.O. Box 12308
Capital Station
Austin, TX 78711