Jeanean ERICKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00383–CR.

Court of Appeals of Texas, Austin.

March 2, 2000.

Rehearing Overruled March 30, 2000.

Ray Bass, Law Offices of Bass, Smith & Modad, P.C., Austin, for appellant.

Tate N. Saunders, Asst. Crim. Dist. Atty., San Marcos, for State.

Before Justices JONES, YEAKEL and PATTERSON.

J. WOODFIN JONES, Justice.

A jury found appellant Jeanean Erickson guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West Supp.2000). The county court at law assessed punishment at incarceration for 180 days and a $500 fine, probated. We will affirm.

Appellant's only point of error is that the court erroneously defined "intoxicated" in its charge. The court instructed the jury that a person is intoxicated within the meaning of the law "when such person does not have the normal use of his physical or mental faculties by reason of the introduction of alcohol, *a controlled substance, a drug, or a combination of two or more of these substances* into the body." (Italics added.) The charge went on to authorize appellant's conviction if the jury found that she was intoxicated while operating a motor vehicle at the time and place in question. The definitional instruction tracks the allegations contained in the information and roughly conforms with the statutory definition. *See id.* § 49.01(2)(A). Appellant objected to the italicized portion of the definition on the ground that, with the application paragraph, it authorized a conviction on a theory not supported by evidence.

Our review of the trial record confirms that there was no evidence appellant consumed any intoxicant except alcohol. The State's only witness, the arresting officer, testified that appellant had the odor of alcoholic beverage about her. Appellant and the other defense witness testified that she drank a small amount of wine at a party on the night of her arrest. Appellant denied using any other intoxicating substance.

Appellant relies primarily on the opinion of this Court in *Ferguson v. State,* 2 S.W.3d 718 (Tex.App.—Austin 1999, no pet.). In that case, another prosecution for driving while intoxicated, the court defined "intoxicated" as "not having the normal use of one's physical or mental faculties by reason of the introduction of alcohol, a controlled substance, a drug, a substance or its vapors that contain a volatile chemical, an abusable glue, or an aerosol paint, or a combination of two or more of these substances into the body." *See id.* at 720. There was no evidence that the defendant was intoxicated as a result of inhaling a volatile chemical, an abusable glue, or an aerosol paint. We held that this instruction, which conformed to the information, erroneously

authorized the defendant's conviction on a theory not supported by any evidence and was, under the circumstances, calculated to injure the defendant's rights. *See id.* at 723; *see also Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g); Tex.Code Crim. Proc. Ann. art. 36.19 (West 1981).

We believe the present cause is distinguishable from *Ferguson.* In that case, we acknowledged that the State may allege any manner or means available to prove the offense charged, but found no indication in the record that the challenged allegations had been made in good faith. *See Ferguson,* 2 S.W.3d at 722–23. The prosecutor aggravated the error by telling the jury during his closing argument that "you can be intoxicated because of alcohol; you can be intoxicated because of drugs; be intoxicated because of paint; you can be intoxicated just by combining everything." *See id.* at 721. We concluded that "[t]he information charging the offense, the prosecutor's argument, and the record as a whole purposefully and unjustifiably brought before the jury the matter erroneously included in the jury charge" to which the defendant had objected. *See id.* at 723.

In this cause, the information conformed to the statute and did not allege by name any intoxicating substance for which the State had no evidence. In his closing argument, defense counsel told the jury that the definition of "intoxicated" in the charge was the statutory definition and that "[o]bviously we're talking in this case about alcohol." Defense counsel's statement was confirmed by the prosecutor in his argument, which closed by asking the jury to "find that Ms. Erickson had lost the normal use of her mental and physical faculties because of all of the wine and other alcohol she drank at the party." The prosecutor never suggested that the jury could convict on the basis of a finding that appellant was intoxicated by the use of a controlled substance or drug, either alone or in combination with another substance.

Having considered the charge in light of the record as a whole, we hold that any error was not calculated to injure appellant's rights and was harmless. The point of error is overruled and the judgment of conviction is affirmed.