In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-080 CR


____________________



DANNY ROY WORTH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-960,227-R






O P I N I O N


 A jury found Danny Roy Worth guilty of felony driving while intoxicated, and
assessed his punishment at seven years' confinement in the Texas Department of Criminal
Justice, Institutional Division. Bringing one issue, Worth appeals.

 Worth maintains the trial court erred in not granting his request to omit certain
language from the charge's definition of "intoxicated." The language to which he objected
was "a controlled substance, a drug, or a combination of two or more of those
substances." The language should not have been part of the charge, Worth says, as there
was no evidence presented at trial that he used any substance other than alcohol. 

 While concurring that the trial court erred by including the language over Worth's
objection, the State maintains the error was harmless. We agree.

 When as here, the appellant timely objected to the charge error, 

 reversal is required if the error is "calculated to injure the rights of
defendant," which means no more than that there must be some harm to the
accused from the error. In other words, an error which has been properly
preserved by objection will call for reversal as long as the error is not
harmless. 


Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (emphasis theirs). "[T]he
actual degree of harm must be assayed in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the argument
of counsel and any other relevant information revealed by the record of the trial as a
whole." Id.

 The jury charge stated that "'intoxicated' means not having the normal use of
mental or physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, or a combination of two or more of those substances, or any other
substance into the body." (1) (Emphasis added.) Appellant's counsel requested that the
language in italics be removed, and the trial court denied the objection. However, the
inclusion of such language, unsupported by evidence, is harmless error where no other
intoxicant is named and the prosecutor does not suggest that the jury could convict on the
basis of another intoxicant. See Erickson v. State, 13 S.W.3d 850, 851-52 (Tex.
App.--Austin 2000, pet. ref'd).

 Worth does not maintain the State implied or suggested there was any intoxicant
other than alcohol involved. And the record shows the State was consistent in identifying
alcohol as the intoxicant. In its opening statement, the prosecutor stated that the evidence
would show that Worth "had slurred speech, bloodshot eyes, the smell of alcohol about
his . . . person, and you will also hear how he was driving that night that indicated to the
officer that he was intoxicated." Officer James Johnson, the arresting officer and State's
only witness, testified he observed several signs of Worth's intoxication. Johnson saw
Worth's vehicle weaving in and out of the lane several times; Worth staggered as he got
out of his car; Worth's breath smelled strongly of alcohol; and Worth's eyes were
bloodshot and glassy. In explaining the horizontal gaze nystagmus test that he performed
on Worth, Johnson stated that the introduction of alcohol would increase the amount of
nystagmus (involuntary reaction of the eye muscles) that could be observed. After
conducting the test, Johnson arrested Worth for driving while intoxicated and stated that
consumption of alcohol was the reason for Worth's intoxication. Worth refused to take
the breath test. Under cross examination, Johnson testified that, based on what he saw that
night, Worth had consumed more than one beer, but Johnson had "no idea when [Worth]
consumed whatever amount of alcohol he consumed." During closing arguments, the
prosecutor noted that the arresting officer had smelled alcohol on Worth's breath, and that
the officer's observations of Worth indicated Worth was intoxicated by reason of "the
introduction of alcohol into his body." As in Erickson, here the prosecutor did not suggest
to the jury that it should convict Worth on any other basis. See Erickson, 13 S.W.3d at
852.

 Having considered the charge in light of the record as a whole, we find that any
error was not calculated to injure Worth's rights and was harmless. Worth's issue is
overruled and the judgment of conviction is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on May 13, 2002 

Opinion Delivered May 22, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.
1. The charge definition is substantially the same as the one contained in the Texas
Penal Code, which defines "intoxicated" as meaning "not having the normal use of mental
or physical faculties by reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those substances, or any other
substance into the body[.]" Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon Supp. 2002)
(the charge definition did not contain the italicized phrase).