NUMBER 13-01-799-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG 

 



NATHANIEL BENN, Appellant,



v.



 

THE STATE OF TEXAS, Appellee.

 



On appeal from the County Court of Gonzales County, Texas.

 

O P I N I O N



Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza






 Appellant, Nathaniel Benn, challenges his conviction for driving while intoxicated, (1)claiming that his trial was unfair
because the court made two errors. First, he claims that the court erred by giving the jury a definition of intoxication that
was not limited to intoxication caused by alcohol alone. Second, appellant claims that the trial court erred by denying his
motion for a new trial because the prosecutor made several improper remarks during his closing argument that had the
cumulative effect of depriving appellant of a fair trial. On the basis of these errors, appellant asks that we reverse his
conviction and order a new trial. We affirm.



1. Error in Jury Charge 

The first issue is whether the trial court committed reversible error by giving the jury an erroneous definition of
intoxication. According to Article 36.19 of the Texas Code of Criminal Procedure, (2) an alleged misdirection of the jury by
the trial court regarding the applicable law does not automatically warrant reversal of the jury's verdict, but instead, such an
error is subject to harm analysis. See also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ("If the error in
the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure
the rights of defendant,' which means no more than that there must be some harm to the accused from the error."). The
reviewing court must first determine whether the jury charge contained any errors. Mann v. State, 964 S.W.2d 639, 641
(Tex. Crim. App. 1998); see also Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994) (explaining the
two-step inquiry under article 36.19, which first checks for error and then looks for harm). If it finds an error, the court
must determine whether it resulted in sufficient harm to warrant reversal. Mann, 964 S.W.2d at 641 (applying the two-step
inquiry explained in Abdnor). 

 As a preliminary matter, we note that the jury charge in this case perfectly mirrors the applicable statutory authority. The
Texas Penal Code defines intoxication as "not having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances,
or any other substance into the body." Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon 2003). The trial court gave the jury this
statutory definition of intoxication. Nevertheless, appellant argues the incongruous position that "although its
language was not erroneous because it tracked the statute verbatim," the jury charge was erroneous because it was not
limited to intoxication caused by alcohol alone. Appellant buttresses this contention with two cases from the Austin Court
of Appeals. For the following reasons, we conclude that appellant has not established that the trial court erred in
instructing the jury on intoxication.

 First, appellant relies on Ferguson v. State, 2 S.W.3d 718 (Tex. App.-Austin 1999, no pet.), for the proposition that a court
commits reversible error by giving the jury a definition that includes language not found in a statutory definition.
InFerguson, the trial court gave the jury a definition of intoxication that contained the language: "a substance or its vapors
that contain a volatile chemical," id. at 720, which is not part of the penal code's definition of intoxication. See §
49.01(2)(A). In this case, however, the jury received the definition of intoxication as stated in the penal code. Unlike the
jury inFerguson, the jury in this case was never instructed that intoxication can occur by a means not specified in the penal
code's definition of intoxication. See 2 S.W.3d at 720. Consequently, we conclude that Ferguson's holding is uninstructive
in determining whether the jury charge in this case was erroneous. 

 The second case appellant cites has more relevance. In Erickson v. State, 13 S.W.3d 850, 852 (Tex. App.-Austin 2000,
pet. ref'd), the State used the penal code's definition of intoxication in its information and offered it to the court as part of
the jury charge. As in the case before us, the defense objected on the grounds that the penal code's definition allowed the
jury to find that the defendant was intoxicated by a means other than alcohol, even though the State had produced only
evidence of alcohol use. Id. at 851-52. The trial court overruled the objection. Id. In affirming the trial court's decision,
the court of appeals concluded that although the jury was given the statutory definition of intoxication, which includes
intoxicants other than alcohol, any error was harmless because both the prosecution and defense made it clear to the jury
that the case was about alcohol only. Id. at 852. 

 Appellant cites Erickson but fails to explain why his appeal warrants different treatment. As in Erickson, the prosecution
in this case argued that appellant was intoxicated by alcohol alone. It never suggested to the jury that it could convict on
any other theory. Indeed, during its closing argument, the prosecution spoke of no intoxicant other than alcohol.
InErickson, the Austin Court of Appeals declined to find error in giving the jury the statutory definition of intoxication. Id.
at 852. We follow the example of our sister court. 

 Here the jury was instructed that alcohol causes intoxication. The purpose of a jury charge is to "apply the law to the facts
raised by the evidence." Williams v. State, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977). As the Texas Court of Criminal
Appeals declared in Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978), and reaffirmed in Abdnor, 871 S.W.2d
at 731, "It is clear that a charge must include an accurate statement of the law." We cannot conclude that the Texas Penal
Code's definition of intoxication is an inaccurate statement of the law. See Martinez v. State, 924 S.W.2d 693, 699 (Tex.
Crim. App. 1996) ("Following the law as set out by the Texas Legislature will not be deemed error on the part of a trial
judge."). The definition of intoxication given to the jury was not erroneous. See Riddle v. State, 888 S.W.2d 1, 8 (Tex.
Crim. App. 1994) ("A jury charge which tracks the language of a particular statute is a proper charge."); Duffy v. State, 567
S.W.2d 197, 204 (Tex. Crim. App. 1978) (same). Still, appellant claims that the jury charge allowed him "to be convicted
for something never proven - that appellant may have been intoxicated by a combination of intoxicants, not just alcohol." In
support, he cites Planter v. State, 9 S.W.3d 156, 159 (Tex. Crim. App. 1999), as holding that a jury charge that allows the
defendant to be convicted on a theory not supported by any evidence constitutes reversible error. After reviewing Planter,
however, it is clear that its holding does not apply to the appeal before us. Planter involved a defendant who was convicted
of an offense not supported by the evidence. Id. The defendant was convicted for the solicitation of capital murder, but the
evidence indicated that he was actually guilty of capital murder by solicitation, a different offense. Id. In contrast to the
defendant in Planter, appellant was charged with and convicted of driving while intoxicated, an offense supported by the
evidence. In short, Planter is inapposite.

 Furthermore, the complete absence of harm in this case leads us to the conclusion that even if we were to find the penal
code's definition of intoxication to be erroneous, which we certainly do not, we would still overrule this issue on the
grounds that any such error was thoroughly harmless.

 Appellant's first issue is overruled. 

2. Improper Jury Arguments 

 Appellant's second issue is that the trial court erred by denying his motion for a new trial. Appellant asked for a new trial
on the grounds that the prosecutor's improper remarks during closing arguments prejudiced the jury. We review a trial
court's denial of a motion for new trial under an abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or, in
other words, when the court acts arbitrarily or unreasonably. Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). 

 Proper jury argument falls into four general categories: (1) summation of the evidence presented at trial; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. Jackson v.
State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (citing McFarland v. State, 845 S.W.2d 824, 844 (Tex. Crim. App.
1992)). Even when arguments exceed the boundaries of these permissible groups, they will not constitute reversible error
unless they are manifestly improper, violate a mandatory statute, or inject new, harmful facts into the case. Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); see also Reed v. State, 991 S.W.2d 354, 362-63 (Tex. App.-Corpus
Christi 1999, pet. ref'd). The remarks must have been a willful and calculated effort on the part of the State to deprive
appellant of a fair and impartial trial. Wesbrook, 29 S.W.3d at 115. 

 To preserve improper jury argument for appellate review, a defendant must object and pursue the objection to an adverse
ruling. Flores v. State, 871 S.W.2d 714, 722-23 (Tex. Crim. App. 1993) (noting also that "where an adverse ruling is not
obtained, nothing is preserved for review"). Otherwise he forfeits his right to complain about the argument on
appeal.Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("We hold a defendant's failure to object to a jury
argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to
complain about the argument on appeal."); see also Mathis v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (declining
to overruleCockrell). 

 In most instances, an instruction to disregard the remark will cure any error. Wesbrook, 29 S.W.3d at 115. Only offensive
or flagrant error warrants reversal when there has been an instruction to disregard. Id. at 116. Indeed, an instruction to
disregard will cure an error unless the prosecutor's remark was so inflammatory that its prejudicial effect could not
reasonably be overcome by an instruction. Kinnamon v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990), overruled on
other grounds by Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).

 Appellant claims that during closing arguments the prosecution improperly: (1) "attempted to shift the burden of proof to
the defense;" (2) "struck at appellant over the shoulder of counsel;" (3) "injected his opinion into the case;" and (4)
"injected his personal information, his personal biography about having diabetes" into the case. Because appellant must
show that he objected to each improper argument and received an adverse ruling, we take each argument in turn. See
Cockrell, 933 S.W.2d at 89,

 First, appellant claims that the prosecution improperly attempted to shift the burden of proof to the defense with the
following statement:

Listen to the testimony. You ought to consider not only who you heard, but who you didn't hear. Where's Mr. Benn's wife
who was with him when he left San Marcos? Why isn't she here to tell you that he didn't drink that day? Where is his son,
the preacher, the State Farm agent, the college graduate? 

At trial, appellant objected to this argument and moved for a new trial, but the court overruled him on both points. We
agree with the ruling. The contested statement squarely falls within the first category of proper jury argument, summation
of the evidence presented at trial. See Jackson,17 S.W.3d at 673. 

 On direct examination, appellant testified that his wife and son were with him on New Year's Day. He also testified that
because neither of them drinks alcohol, the mere "jiggle" of beer he consumed that evening was the most his wife and son,
a preacher, would allow him to drink as they celebrated the new year. Because the quantity of alcohol consumed is a
critical factor in any driving while intoxicated case involving alcohol, we conclude that it was not improper for the
prosecutor to point out that appellant's testimony was not corroborated by the witnesses appellant used to bolster his case. 

 Second, appellant argues that the prosecution "struck at him over the shoulder of his attorney" when he said, "I expect you
to object every time I say something that's going to hurt your case." Appellant objected to the statement, and after
sustaining the objection, the trial court instructed the jury to disregard the comment. Because we find that the prosecutor's
statement was not "so inflammatory that its prejudicial effect could not reasonably be overcome by an instruction," we
conclude that it does not warrant reversal. See Kinnamon, 791 S.W.2d at 89.

 Appellant's third point is that the prosecutor improperly inserted his opinion into the case when he said, "You know, really,
this is an easy case to decide." The trial court overruled appellant's objection to this argument. 

 Appellant contends that the State may never use personal opinion in closing arguments. We disagree. A prosecutor may
argue his opinions concerning issues in the case so long as the opinions are based on the evidence in the record and do not
constitute sworn testimony. McKay v. State, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985). In the case before us, appellant
objected immediately after the prosecutor's statement. By making his objection, appellant literally stymied the prosecutor's
attempt to voice any personal opinion beyond the mere assertion that the case was "easy." Furthermore, after the objection
was overruled, the prosecutor dropped the contested line of argument. We therefore cannot ascertain from the trial record
which particular aspect of the case the prosecutor was referring to when he said it was easy. Consequently, we have no
reason to conclude that the argument warrants reversal or that it was even improper.

 Finally, appellant claims that the prosecutor improperly "injected his personal information, his personal biography about
having diabetes [into the case]." During his closing argument, the prosecutor said, "Let me assure you that a person that
[sic] says they're diabetic and doesn't know their medication," at which point appellant objected, preventing the prosecutor
from finishing his sentence. The trial court sustained appellant's objection and instructed the jury to disregard the
statement. We conclude that the instruction sufficiently cured any impropriety in the remark. 

 In sum, appellant has failed to show that his trial was rendered unfair by the prosecution's remarks, and accordingly, we
conclude that the court did not err in denying his motion for a new trial. Appellant's second and final issue on appeal is
overruled. 

 We affirm his conviction. 



_________________________

DORI CONTRERAS GARZA,

Justice



Publish.

Opinion delivered and filed

this 26th day of June, 2003

 

 

 

 

1. Section 49.04 of the penal code, under which appellant was convicted, states in pertinent part, "A person commits an
offense if the person is intoxicated while operating a motor vehicle in a public place." Tex. Pen. Code Ann. § 49.04
(Vernon 2003). 

2. In relevant part, article 36.19 states:



Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16,
36.17, and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was
calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and
impartial trial.



Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).