TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00342-CR




Pete Hernandez, Appellant

v.

The State of Texas, Appellee




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
NO. 04-3976-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Pete Hernandez guilty of driving while intoxicated. See Tex.
Pen. Code Ann. § 49.04 (West Supp. 2005). The court assessed punishment at 180 days’
incarceration and a $2000 fine, but suspended imposition of sentence and placed appellant on
community supervision for two years. In his only point of error, appellant contends that the court’s
charge erroneously defined “intoxication” for the jury. We will overrule this contention and affirm
the conviction.
The court instructed the jury, “‘Intoxicated’ means not having the normal use of
physical or mental faculties by reason of the introduction of alcohol, a controlled substance, a drug,
or a combination of two or more of those substances into the body.” (Second italics added.) The
charge then authorized appellant’s conviction if the jury found that he was intoxicated at the time
and place in question. The definition of “intoxicated” used in the jury charge tracks the
information’s allegations and roughly conforms to the statutory definition. See id. § 49.01(2)(A)
(West 2003). Appellant objected to the second italicized portion of the definition on the ground that
it effectively authorized his conviction on a theory for which there was no evidence.
This cause is controlled by the Court’s opinion in Erickson v. State, 13 S.W.3d 850
(Tex. App.—Austin 2000, no pet.). The information and jury charge in Erickson were virtually
identical to those in this cause. Id. at 851. As in this cause, the defendant objected to the definition
of “intoxicated” on the ground that it authorized a conviction on a theory not supported by the
evidence. Id. Reviewing the record, we found no evidence that the defendant had consumed an
intoxicant other than alcohol. Id. During argument, defense counsel told the jury that “we’re talking
in this case about alcohol,” and the prosecutor never suggested that the jury should convict on the
basis of any other intoxicant. Id. at 852. Considering the charge in light of the record as a whole,
we concluded that any error in the definition of “intoxicated” was not calculated to injure the
defendant’s rights and was harmless. Id.
Our review of the record in the present cause confirms appellant’s contention that
there was no evidence that he consumed an intoxicant other than alcohol. The arresting officer
testified that he noticed the odor of an alcoholic beverage. It was undisputed that appellant told the
officer that he drank seven or eight beers with a friend between 5:30 p.m. and shortly after midnight,
when he was stopped for speeding. The officer also testified that appellant told him that he had sores
on his legs as a complication of diabetes, and that he had used a medication for those sores at about
7:00 a.m. The medication was not otherwise identified or described, and there is no evidence that
it was an intoxicant. Both during the officer’s testimony (he was the only witness) and during jury
arguments, it was assumed by all parties that the intoxicant was beer. The only disputed issue at trial
was whether appellant’s physical or mental faculties had been impaired by reason of his admitted
consumption of alcohol.
As in Erickson, a review of the record as a whole convinces us that any error in the
charge’s definition of “intoxicated” was not calculated to injure appellant’s rights and was harmless. 
The point of error is overruled and the judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices Pemberton and Waldrop
Affirmed
Filed: July 28, 2006
Do Not Publish