# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00342-CR

**Pete Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 04-3976-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Pete Hernandez guilty of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2005). The court assessed punishment at 180 days' incarceration and a $2000 fine, but suspended imposition of sentence and placed appellant on community supervision for two years. In his only point of error, appellant contends that the court's charge erroneously defined "intoxication" for the jury. We will overrule this contention and affirm the conviction.

The court instructed the jury, "'*Intoxicated*' means not having the normal use of physical or mental faculties by reason of the introduction of alcohol, *a controlled substance, a drug, or a combination of two or more of those substances* into the body." (Second italics added.) The charge then authorized appellant's conviction if the jury found that he was intoxicated at the time and place in question. The definition of "intoxicated" used in the jury charge tracks the

information's allegations and roughly conforms to the statutory definition. *See id*. § 49.01(2)(A) (West 2003). Appellant objected to the second italicized portion of the definition on the ground that it effectively authorized his conviction on a theory for which there was no evidence.

This cause is controlled by the Court's opinion in *Erickson v. State*, 13 S.W.3d 850 (Tex. App.—Austin 2000, no pet.). The information and jury charge in *Erickson* were virtually identical to those in this cause. *Id*. at 851. As in this cause, the defendant objected to the definition of "intoxicated" on the ground that it authorized a conviction on a theory not supported by the evidence. *Id*. Reviewing the record, we found no evidence that the defendant had consumed an intoxicant other than alcohol. *Id*. During argument, defense counsel told the jury that "we're talking in this case about alcohol," and the prosecutor never suggested that the jury should convict on the basis of any other intoxicant. *Id*. at 852. Considering the charge in light of the record as a whole, we concluded that any error in the definition of "intoxicated" was not calculated to injure the defendant's rights and was harmless. *Id*.

Our review of the record in the present cause confirms appellant's contention that there was no evidence that he consumed an intoxicant other than alcohol. The arresting officer testified that he noticed the odor of an alcoholic beverage. It was undisputed that appellant told the officer that he drank seven or eight beers with a friend between 5:30 p.m. and shortly after midnight, when he was stopped for speeding. The officer also testified that appellant told him that he had sores on his legs as a complication of diabetes, and that he had used a medication for those sores at about 7:00 a.m. The medication was not otherwise identified or described, and there is no evidence that it was an intoxicant. Both during the officer's testimony (he was the only witness) and during jury

2

arguments, it was assumed by all parties that the intoxicant was beer. The only disputed issue at trial was whether appellant's physical or mental faculties had been impaired by reason of his admitted consumption of alcohol.

As in *Erickson*, a review of the record as a whole convinces us that any error in the charge's definition of "intoxicated" was not calculated to injure appellant's rights and was harmless. The point of error is overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 28, 2006

Do Not Publish

3