**Affirmed and Memorandum Opinion filed August 9, 2016.**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-15-00268-CR

**LANIS RAY HITT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 1973657**

## M E M O R A N D U M   O P I N I O N

Appellant Lanis Ray Hitt appeals his misdemeanor conviction for driving while intoxicated (DWI). In two issues, appellant contends that he received ineffective assistance of counsel at trial and that he was harmed by an erroneous jury instruction. We affirm.

### FACTUAL BACKGROUND

At approximately 11:00 p.m. one evening, a patrol officer with the Tomball

Police Department stopped appellant's vehicle because the license plate light was out. According to Officer Sampson, appellant appeared to be intoxicated and admitted to taking prescription drugs in the hours preceding the traffic stop. Appellant consented to a series of standardized field-sobriety tests but failed two of the three tests. Once in custody, appellant consented to a breath test, which was negative for alcohol, but appellant refused to provide a blood sample. Officer Sampson acquired a blood-draw warrant and obtained a sample of appellant's blood at approximately 3:00 a.m. Appellant was subsequently charged with driving while intoxicated.

At trial, Officer Sampson testified that as he approached appellant's vehicle, appellant had "droopy" eyes, was difficult to understand, and was slow to react and respond to Officer Sampson's questions. Appellant informed Officer Sampson that he had taken Suboxone and that he had a valid prescription for the drug. Appellant also told Officer Sampson that he was able to drive while taking the medication. After receiving appellant's consent to search the vehicle, Officer Sampson found the Suboxone bottle with a label that warned against operating machinery while on the medication.[1]

The State's expert, Dr. Guale, testified about the lab report and the effects of the prescription medications found in appellant's blood. The report indicated the presence of Alprazolam (Xanax), Carisoprodol (Soma), and Meprobamate. Dr. Guale testified that these drugs are central nervous system depressants. He stated that although the individual amount of each drug present in appellant's system was within the normal range, he would expect to see impairment from the combined total amount, which was approximately 15 milligrams per liter. Additionally, Dr.

---

[1] We also note that in the dashboard-camera video presented at trial, Sampson is seen recovering two additional prescription bottles, which appellant identified as Soma and Vivance.

Guale stated that the packaging for each of these drugs includes a warning that cautions against driving or operating machinery until an individual knows how the individual's body will be affected by the medications. He ultimately opined that "this combination [of drugs] is dangerous and it can cause impairment."

Following trial, the jury convicted appellant of driving while intoxicated, and the judge sentenced him to 180 days in the Harris County Jail, probated for one year. The trial court also ordered appellant to pay a fine, complete 40 hours of community service and a DWI education course, wear a drug patch, and equip appellant's vehicle with an ignition-interlock device.

ISSUES AND ANALYSIS

## I.    Ineffective-Assistance-of-Counsel Claim

In his first issue, appellant claims that he received ineffective assistance of counsel at trial. Specifically, appellant alleges that his attorney failed to: (1) file a motion to suppress or otherwise challenge the dashboard-camera video; (2) object to Officer Sampson's testimony regarding the effects of certain prescriptions; (3) request a gatekeeper hearing or object to Dr. Guale's testimony; (4) object to the admission of the laboratory report and related testimony; (5) cross-examine the phlebotomist; (6) investigate and introduce evidence of appellant's injuries and medical conditions; (7) object to alleged jury-charge error; and (8) object during the State's closing arguments. In his final sub-issue, appellant contends that trial counsel's performance was deficient in its entirety.

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). *See Ex parte Jimenez*, 364 S.W.3d 866, 882–83 (Tex. Crim. App. 2012). Under *Strickland*, appellant must prove by a preponderance of the evidence that (1)

3

counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 883.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In most cases, the appellant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of trial counsel's reasons for his actions. Therefore, because the record is silent as to trial counsel's tactics, we presume that counsel's decisions were reasonably professional and motivated by sound strategy. *See Jagaroo v. State*, 180 S.W.3d 793, 797 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Jackson*, 877 S.W.2d at 771); *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (providing that "[a]ny allegation of ineffectiveness must be firmly founded in the record."). The ineffective assistance portion of appellant's brief contains approximately thirty pages of general case

4

law, the majority of which does not concern ineffective-assistance claims and does not aid our review of his issues. Most of the cases cited by appellant instead address the merits of the actions he contends that counsel should have taken. Only a handful of cases cited address ineffective-assistance claims, and in none of those cases did the defendant obtain a reversal. Appellant also cites various medical articles, which do not appear in our record. Because the record is silent as to trial counsel's strategy and contains significant evidence of appellant's guilt, we conclude that trial counsel's alleged failures did not constitute ineffective assistance. *See Thompson*, 9 S.W.3d at 813. However, because appellant's first, fourth, and final ineffective-assistance arguments require additional discussion, we address them in greater detail.

### A. Failure to File Motion to Suppress or Challenge Video Recording

In his first sub-issue, appellant contends that trial counsel rendered ineffective assistance by failing to "file a motion to suppress, or otherwise object to, or challenge the video recording, the search of [appellant's] car, and subsequent evidence therefrom, based on the illegal stop."

To satisfy the first prong of the *Strickland* test and prevail on an ineffective-assistance claim premised on counsel's failure to object or file a motion to suppress, an appellant must show that the objection or motion to suppress would have been successful or that the trial court would have erred in overruling the objection or denying the motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Appellant cannot make such a showing. Officer Sampson testified that he initiated the traffic stop because appellant's license plate light was out. In the video, both Sampson and his partner informed appellant that the light was the reason for the stop. Sampson testified that a driver commits a traffic

violation if the license plate light is out. *See* Tex. Transp. Code § 547.322(f); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). Appellant argues that it is clear from the video that his license plate was illuminated at the time of the stop. However, the State correctly observes that appellant's license plate is illuminated by the lights from Sampson's police car. Appellant's trial counsel was not ineffective for failing to file a motion to suppress evidence that is clearly admissible.

Appellant also argues that even if the stop was valid, trial counsel should have filed a motion to suppress or objected to the admission of appellant's statements in the video because they were the result of custodial interrogation and appellant had not been given the required *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966). However, courts have rejected similar arguments regarding roadside stops and DWI investigations. *See State v. Stevenson*, 958 S.W.2d 824, 828–29 (Tex. Crim. App. 1997) (holding that roadside questioning of driver about accident was not custodial interrogation) (citing *Berkemer v. McCarty*, 468 U.S. 420 (1984)); *Hutto v. State*, 977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that appellant's investigation for field-sobriety testing and questioning did not convert the roadside stop into an arrest). Appellant cannot demonstrate that a motion to suppress or an objection to his incriminating statements would have been successful; therefore, we overrule appellant's first sub-issue.

## B. Failure to Object to Laboratory Report

In his fourth sub-issue, appellant claims that he received ineffective assistance because trial counsel did not object to the admission of the lab report or Dr. Guale's testimony regarding the report "on the basis that this evidence was not

reliable, was irrelevant, . . . and a violation of [appellant's] constitutional rights under the Confrontation Clause."[2]

The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. XI. Appellant claims that trial counsel should have objected to the admission of the report and Dr. Guale's testimony concerning the report because Dr. Guale did not personally perform the tests on appellant's blood. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009) (When affidavits prepared by drug analysts were admitted at trial, petitioner was entitled to be confronted with the analysts at trial, absent a showing that the analysts were unavailable to testify at trial and that petitioner had a prior opportunity to cross-examine them.).

As discussed above, the record is silent as to trial counsel's motivation for failing to object based on the Confrontation Clause. Counsel could have reasoned that, due to the overwhelming evidence of appellant's intoxication, it would be best not to draw further attention to the subject. Trial counsel has not been given an opportunity to respond to these allegations; thus, we conclude that the record fails to show deficient performance in this regard. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (reversing court of appeals and concluding that record failed to demonstrate ineffective assistance, despite counsel's failure to object to admission of lab report on Confrontation Clause grounds).

Appellant further contends that trial counsel should have objected to the report and Dr. Guale's testimony on the grounds that this evidence was not reliable

---

[2] Appellant also complains that his counsel should have objected to Dr. Guale's testimony as hearsay, but his brief does not provide any explanation or support for this contention. See Tex. R. App. P. 38.1(h) (requiring that a party's brief contain citations to authority to support appellate arguments). Accordingly, we do not address this argument. *See id.*

or relevant. However, even presuming that counsel was deficient in not objecting on these grounds, appellant cannot satisfy the second prong of *Strickland*. If trial counsel had successfully challenged the lab report or Dr. Guale's testimony concerning the report, the jury still could have reached the same verdict based on the remaining evidence. As explained above, the video of the traffic stop clearly demonstrated appellant's intoxication for the jury. Appellant admitted to taking prescription drugs, and Officer Sampson stated that the labels on the medications found in appellant's car indicated a person should not drive or operate heavy machinery while taking these prescriptions. Sampson testified that appellant had droopy eyes, was difficult to understand, and failed two out of three field-sobriety tests. These statements are further corroborated by the video. Additionally, appellant refused to submit a blood sample, which the jury was permitted to consider as probative evidence of appellant's intoxication because it establishes consciousness of guilt on his part. *See* Tex. Transp. Code § 724.061; *see also Bartlett v. State*, 270 S.W.3d 147, 152–53 (Tex. Crim. App. 2008); *Jackson v. State*, 468 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Because appellant is unable to show to a reasonable probability that, but for the alleged deficiency, a different verdict would have been reached, appellant fails to meet the second prong of the *Strickland* test. *See Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012). We overrule appellant's fourth sub-issue.

## C. Failure of Performance as a Whole

In his final sub-issue, appellant argues that trial counsel's representation was deficient in its entirety. *See Ex parte Welborn*, 785 S.W.2d 391, 396 (Tex. Crim. App. 1990) (holding that although "no one instance in the present case standing alone [was] sufficient proof of ineffective assistance of counsel, counsel's performance taken as a whole [did] compel such a holding"). In determining that

8

counsel's representation was entirely deficient, the *Welborn* court pointed out the following:

> Counsel failed to conduct a reasonable investigation of the facts and the law. He did not attempt to interview any of the State's witnesses. Accordingly, trial counsel was "surprised" when [a witness] testified as to applicant's out-of-court statement. He admits if he had known of the statement he would have advised applicant to accept the five year plea offered by the State. Instead, without conducting a reasonable investigation, counsel's gamble netted applicant a ninety-eight years and one day prison sentence.
>
> Additionally, counsel seemed unfamiliar with the State's theory of the case. He allowed the jury to hear damaging hearsay statements without objection. He allowed the introduction of an extraneous offense during the guilt/innocence phase without objection. Trial counsel also failed to conduct any investigation into possible jury misconduct.

*Id.* In contrast to the facts in *Welborn*, appellant's trial counsel filed a motion for community supervision, conducted a thorough voir dire, and cross-examined all but one witness. He repeatedly argued that the videotape was evidence of appellant's innocence, cross-examining Officer Sampson about the proper procedures for field-sobriety tests and pointing out the ways that appellant performed these tests correctly. Furthermore, trial counsel successfully negotiated an agreement with the State whereby appellant would not receive any jail time, but instead one year of probation and a fine.

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for

9

examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Therefore, we conclude that trial counsel's conduct did not fall below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 688, and we overrule appellant's first issue.

## II.     Jury Charge

In his second issue, appellant argues that he was egregiously harmed by references to alcohol in the jury charge, because there was no evidence presented at trial that appellant was intoxicated from alcohol.

The abstract portion of the jury charge included the following definitions, italicized to emphasize the complained-of language:

> "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of *alcohol* or drugs into the body, *or having an alcohol concentration of 0.08 or more.*
>
> *"Alcohol concentration" means the number of grams of alcohol per: 210 liters of breath; or 100 milliliters of blood; or 67 milliliters of urine.*

The application paragraph of the charge read as follows:

> Therefore, if you believe from the evidence beyond a reasonable doubt that in Harris County, Texas, LANIS RAY HITT, hereafter styled the defendant, heretofore on or about July 18, 2014, did then and there unlawfully operate a motor vehicle *while intoxicated*, then you will find the defendant guilty.

(Emphasis added.) Appellant claims that because alcohol intoxication was not an issue in his case, "[t]his instruction was improper, it was misleading, it was not supported by the facts adduced at trial and it created egregious harm."

### A. Standard of Review

We review claims of improper jury charge under the *Almanza* harmless error standard. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985). In a jury-charge issue, we first decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we must analyze that error for harm." *Id.* If, as here, the defendant has not preserved his objection to the charge in the trial court, we must reverse only if the defendant suffered "egregious harm." *Ngo*, 175 S.W.3d at 743–44; *Almanza*, 686 S.W.2d at 171.

In this case, appellant's argument focuses primarily on the allegedly harmful effect of the challenged instruction; therefore, we will presume without deciding that the instruction was erroneous and proceed to a discussion of the harm analysis.

### B. No Egregious Harm

Even if we presume the trial court erred by referencing alcohol in its charge, we conclude that any error was harmless. The record reflects, and appellant concedes in his brief, that he failed to object to the intoxication instruction at trial. Thus, the error, if any, does not call for a reversal of his conviction unless appellant was egregiously harmed by the instruction. *See Ngo*, 175 S.W.3d at 744; *Almanza*, 686 S.W.2d at 171.

Any harm inflicted by the erroneous charge must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see also Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). We engage in this assessment to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174; *see also Cosio v. State*, 353 S.W.3d 766,

777 (Tex. Crim. App. 2011). Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013).

We begin with the court's charge and determine that, when construed as a whole, the charge did not cause appellant harm. Generally, we analyze a jury charge in its entirety and do not judge a single instruction in isolation. *See Mann v. State*, 964 S.W.2d 639, 642 (Tex. Crim. App. 1998); *Adkins v. State*, 418 S.W.3d 856, 866 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The challenged alcohol-related instructions in the abstract portion of the charge constitute only two sentences in a three-page jury charge. The remainder of the charge identifies appellant and his plea; it states the applicable law and defines legal terms; it properly explains that appellant is presumed innocent; and it makes clear that the State must prove each element of the offense beyond a reasonable doubt. Finally, the application paragraph makes no mention of intoxication by alcohol. We generally presume the jury followed the trial court's instructions in the manner presented. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) ("[W]e assume that the jury would follow the instruction as given, and we will not reverse in the absence of evidence that the jury was actually confused by the charge.").

Turning to the state of the evidence and the arguments of counsel, we note that the State presented overwhelming evidence of appellant's intoxication from prescription drugs. Appellant admitted to ingesting at least one prescription drug before his arrest. Sampson testified to appellant's droopy eyes and slow responses, and stated that appellant failed two of three field-sobriety tests. Furthermore, the video evidence presented at trial supported Sampson's testimony. The results of appellant's blood test confirmed the presence of prescription drugs in appellant's

system, and the State's expert opined that the amount of drugs found in appellant's system would cause impairment.

Appellant contends that the charge's use of numbers to explain "alcohol concentration" was misleading because the jury was presented with evidence of levels of prescription drugs, not alcohol. We are not persuaded by appellant's argument, given that the charge referred to milliliters or liters of alcohol, while the toxicology evidence noted the presence of drugs in milligrams. Although appellant argues that the jury's request to see the toxicology evidence indicates that it was misled by the charge, we note that the report makes no mention of alcohol.

Moreover, throughout the trial, the State repeatedly acknowledged that alcohol intoxication was not at issue. During closing arguments, the State concluded: "[G]entleman, there's only one thing that explains all of the defendant's behavior and that is intoxication. It is intoxication due to the use of these substances." The State never attempted to argue that appellant was intoxicated by anything other than prescription drugs.

Therefore, we conclude that consideration of the entirety of the jury charge, the state of the evidence, and the arguments of counsel weigh against a determination of egregious harm. *See Erickson v. State*, 13 S.W.3d 850, 852 (Tex. App.—Austin 2000, pet. ref'd) (holding that any error in failing to narrow the definition of "intoxicated" was harmless where State never suggested intoxication by any substance other than alcohol and evidence and jury argument from both sides made clear that only alcohol intoxication was at issue); *see also Benn v. State*, 110 S.W.3d 645, 649 (Tex. App.—Corpus Christi 2003, no pet.) (same). Accordingly, we overrule appellant's second issue.

13

## CONCLUSION

We affirm the judgment of the trial court.

/s/    Ken Wise
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).